UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**MICHAEL J. GARDNER**,

Plaintiff,

v.

**BRUCE TALLMADGE, et al.**,

Defendant.

Case No. 3:11 CV 2145

Magistrate Judge James R. Knepp, II

MEMORANDUM OPINION AND ORDER

**INTRODUCTION**

*Once Upon A Time*

With apologies to Lewis Carroll, Defendants' Motion for Summary Judgment (Doc. 14) and the Memoranda pro and con, together with Plaintiff's Motion to Vacate the Cognovit Judgment (Doc. 23), take place on both sides of the looking glass. On the Ohio side, a cognovit judgment was taken by Plaintiff Michael Gardner against Defendants Bruce Tallmadge and Tallmadge Holding Co., LLC. On the North Carolina side, that judgment was found to be not enforceable due to the Ohio court lacking jurisdiction to enter it. In this Court, Defendants argue, *inter alia*, that the judgment is valid and operates to bar this action on the grounds of *res judicata*, while Plaintiff asserts that the cognovit judgment is a nullity and that he should be free to pursue a claim on the underlying note, ignoring the cognovit judgment he previously obtained thereon. As Alice observed, in her nonsensical world, "Nothing would be what it is, because everything would be what it isn't. And, contrary-wise, what it is, it wouldn't be. And what it wouldn't be, it would. You see?" ALICE

IN WONDERLAND (Disney 1951).[1]

*The Facts Are Undisputed*

Although this dispute spans several years and two states, the facts pertinent to the instant motions are virtually undisputed. Plaintiff, a resident of Ohio, loaned Defendants, apparently residents of North Carolina, $200,000 back in 2004, pursuant to a "Demand Cognovit Promissory Note", which provided for repayment of the principal on demand, together with a substantial amount of interest. When Defendants failed to repay the loan, Plaintiff filed a complaint seeking a cognovit judgment thereon in the Court of Common Pleas of Hancock County, Ohio. Pursuant to a confession of judgment ostensibly authorized by the warrant of attorney contained in the Cognovit Note, the court issued judgment in favor of Plaintiff and against Defendants on January 26, 2009 ("Cognovit Judgment").

Plaintiff filed the Cognovit Judgment, together with the appropriate form of notice, in a state court in North Carolina. Thereupon, Defendants filed answers and defenses, as well as a motion for relief from the Cognovit Judgment. The trial court found Defendants' defenses and motion not well taken, finding no grounds for not recognizing the Ohio judgment in North Carolina. It authorized recordation of the Cognovit Judgment and held:

> IT IS THEREFORE ORDERED JUDGED AND DECREED that the Judgment obtained by the Plaintiff in the Common Pleas Court of Hancock County, Ohio, General Civil Division, Case No. 2009-CV-31 is hereby recognized and is given the full faith and credit by the State of North Carolina as if it were obtained in North Carolina and shall be enforced in this State in the same manner as any other Judgment in the State of North Carolina.

---

1. Though often attributed to Lewis Carroll's books, this particular quote appeared only in the 1951 Disney adaptation of the story. *See* LEWIS CARROLL, ALICE'S ADVENTURES IN WONDERLAND (1865); LEWIS CARROLL, THROUGH THE LOOKING-GLASS (1871).

*Gardner v. Tallmadge*, No. 09 CVD 842 (Rockingham Cty. Sup. Ct. 2009); (Doc. 20-4).

If this were the end of the story, perhaps everyone – or at least Plaintiff – could have lived happily ever after. Alas, Defendants appealed to a higher court in North Carolina, which fueled the saga by finding the Ohio court did not have subject matter jurisdiction to enter the judgment because the note's cognovit provision did not comply with the requisites of Ohio law. *Gardner v. Tallmadge*, 700 S.E.2d 755, 761–62 (N.C. Ct. App. 2010). And the Supreme Court of North Carolina affirmed. *In re Ohio Judgment*, 721 S.E.2d 928 (N.C. 2011).

So, Plaintiff's Cognovit Judgment having been declared a nullity in the jurisdiction where the debtors are domiciled, Plaintiff returned to square one: He sought and was granted leave to file an amended complaint in the Hancock County Court of Common Pleas. (Doc. 20-7). In the Amended Complaint (Doc. 1-11), Plaintiff included causes of action for payment on the promissory note, breach of the loan agreement, and unjust enrichment. After receiving a Summons and the Amended Complaint, Defendants removed the action to this Court on the basis of diversity of citizenship.

## STANDARD OF REVIEW

Pursuant to Federal Civil Rule 56(a), summary judgment is appropriate where there is "no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." When considering a motion for summary judgment, the Court must draw all inferences from the record in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Court is not permitted to weigh the evidence or determine the truth of any matter in dispute; rather, the Court determines only whether the case contains sufficient evidence from which a jury could reasonably find for the non-moving party.

*Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248–49 (1986). This burden "may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

**DISCUSSION**

*Personal Jurisdiction*

Defendants first assert this Court lacks personal jurisdiction over them. They are incorrect. Defendants appeared generally in the Hancock County Court of Common Pleas, removed the action to this Court, and filed an answer. As Plaintiff observes, Defendants neither filed a pre-answer motion, nor raised lack of personal jurisdiction as an affirmative defense in their answer. And while, after reviewing the Amended Complaint and the Cognovit Note, the Court would find Plaintiff sufficiently pled personal jurisdiction over Defendants, such review is unnecessary. Pursuant to Fed. R. Civ. P. 12(h), this defense has been waived.

*Leave to Amend the Complaint*

Defendants next assert the Hancock County Court of Common Pleas order permitting Plaintiff to amend his complaint was improperly granted. This argument takes the Court back to the other side of the looking glass, where Defendants urge the Court to consider that the Cognovit Judgment – which they argued and convinced the North Carolina courts was entered by the Ohio court without jurisdiction, making it a legal nullity – was still viable as a final judgment, such that relief pursuant to Rule 60(B) would be a prerequisite to filing an amended complaint.

At this juncture, it is clear the Cognovit Judgment should not have issued, either for the reasons the North Carolina courts cited, or upon the uncontroverted evidence before this Court establishing Defendants did not execute the note within the State of Ohio. As Defendants argued

eloquently to the courts of North Carolina, where a cognovit judgment is entered in the absence of compliance with all of the requisite formalities under Ohio law, such judgment was issued without subject matter jurisdiction and is void *ab initio*. No Rule 60(B) relief would be necessary from a non-existent judgment. To the extent such relief was necessary, it was implicitly given when the Hancock County Court of Common Pleas granted the motion for leave to amend.[2]

*The Note and Contract Claims*

The Cognovit Judgment – issued upon a cognovit note North Carolina courts found defective under Ohio law and further, not having been executed within the State of Ohio – was issued in the absence of subject matter jurisdiction. Therefore, the Cognovit Judgment was void *ab initio. See Pheils v. Glass City Sales, LLC* , 2009-Ohio-4623, at ¶ 16 (Ohio Ct. App. 2009). The Hancock County Court of Common Pleas implicitly acknowledged this status when it granted Plaintiff leave to amend his complaint. Because it simply never existed as a matter of law, the Cognovit Judgment is not a bar to Plaintiff proceeding on his claims for collection of a promissory note or for breach of the contractual obligation to repay a loan; nor does it support a bar under the doctrines of *res judicata* or election of remedies.

*Unjust Enrichment*

Defendants also argue Plaintiff's unjust enrichment claim fails as a matter of law, inasmuch as there can be "no question" that a written agreement was in place. Plaintiff counters the unjust enrichment count was included as an alternative theory for relief, in the event the Court determined a valid and enforceable written note or contract does not exist. Plaintiff defends this maneuver by

2. Moreover, and apparently out of an abundance of caution, Plaintiffs filed a Motion to Vacate the Cognovit Judgment to the Extent Required by Law (Doc. 23), which Defendants did not oppose.

pointing out Defendants have not admitted the existence of a valid written contract or note. While the Court agrees Plaintiff cannot ultimately proceed under this theory if a valid and enforceable written agreement is found, at this juncture, summary judgment on this cause of action is not appropriate.

**CONCLUSION**

The cognovit component of the note at issue in this case has been both attacked (successfully) by Defendants and abandoned by Plaintiff. At Defendants' urging, the North Carolina appellate courts nullified the judgment initially entered by the Hancock County Court of Common Pleas as having been entered in the absence of subject matter jurisdiction. Presumably in deference to that nullification, but perhaps pursuant to an implicit vacation under Ohio Civil Rule 60(B), that judgment was repudiated by the Ohio court which issued it.

Thus, the Cognovit Judgment giving rise to all of Defendants' potentially viable grounds for summary judgment being void *ab initio,* none of Defendants' grounds in support of summary judgment are well taken. For all the foregoing reasons, good cause appearing, it is

ORDERED that Defendants' Motion for Summary Judgment (Doc. 13) be, and hereby is, DENIED; and it is

FURTHER ORDERED that Plaintiff's Motion to Vacate (Doc. 23) be, and hereby is, DENIED as moot.

s/James R. Knepp, II
United States Magistrate Judge