UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**MICHAEL J. GARDNER**,      Case No. 3:11 CV 2145

    Plaintiff,      Magistrate Judge James R. Knepp, II

    v.      MEMORANDUM OPINION AND ORDER

**BRUCE TALLMADGE, et al.**,

    Defendants.

### INTRODUCTION

The procedurally twisted path this dispute has traveled – which reads like a cruel law school civil procedure exam question – is set forth in the Court's Memorandum Opinion and Order denying Defendants' Motion for Summary Judgment and need not be restated. (Doc. 27). Plaintiff now moves for Summary Judgment (Doc. 29) and Defendants oppose the motion (Doc. 32). Although the pertinent facts are undisputed, Defendants again urge the Court to dismiss the action for lack of personal jurisdiction or, in the alternative, to limit any judgment entered to simple, as opposed to compound, interest. Defendants argued lack of personal jurisdiction in support of their Motion for Summary Judgment and the Court sees no reason to revisit its rejection of that contention. The objection to compounding interest is another matter, however, and is addressed below.

### FACTS

For purposes of this motion, the following facts demonstrate Plaintiff's entitlement to judgment in his favor.

Bruce Tallmadge and Tallmadge Holding Company, LLC are residents of Stokesdale, North Carolina. (Tallmadge depo, Doc. 22 at 6). Michael J. Gardner is a resident of Findlay, Ohio. In

March 2004, Tallmadge Holding Company and Bruce Tallmadge sought and obtained a commercial loan from Michael J. Gardner in the amount of $200,000.00. (Doc. 22, at 27). The Promissory Note was given for an acknowledged commercial purpose. (Doc. 22, at 64).

In consideration of the $200,000.00 loan, Tallmadge signed and delivered a Promissory Note to Gardner dated March 25, 2004. (Doc. 22, at 29-32; Doc. 22-1). Tallmadge testified he signed the Promissory Note for Tallmadge Holding Company and himself individually. (Doc. 22, at 31). At the time he signed the Promissory Note, Tallmadge intended it to be valid and enforceable. (Doc. 22, at 69-71). Additionally, at the time he borrowed the money from Gardner, Tallmadge knew and acknowledged that the rate of interest stated in Promissory Note was 337.5 percent per annum. (Doc. 22, at 37). The interest rate was tied to representations Tallmadge made to Gardner about the anticipated profit or return he expected on the money loaned. (Doc. 22, at 37-38).

Defendants do not dispute that they have never paid any interest or principal on the Promissory Note. (Doc. 22, at 65).

## STANDARD OF REVIEW

Pursuant to Federal Civil Rule 56(a), summary judgment is appropriate where there is "no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." When considering a motion for summary judgment, the Court must draw all inferences from the record in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Court is not permitted to weigh the evidence or determine the truth of any matter in dispute; rather, the Court determines only whether the case contains sufficient evidence from which a jury could reasonably find for the non-moving party. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248–49 (1986). This burden "may be discharged by

'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

## DISCUSSION

Defendants do not direct the Court to any disputed issue of material fact. Indeed, it appears the facts demonstrating Plaintiff's entitlement to judgment in this case are wholly uncontroverted. Rather, Defendants again raise their unsuccessful challenge to the Court's personal jurisdiction over them. For the reasons set forth in the previous Memorandum Opinion and Order (Doc. 27, at 4), that challenge fails and Defendants are subject to this Court's jurisdiction.

In the alternative, Defendants claim that under Ohio law – which applies to the Promissory Note according to the note's own terms (Doc. 22-1) – "simple interest is to be used when there is no specific agreement to compound interest or a statutory provision authorizing the compound interest." *Berdyck v. Shinde*, 128 Ohio App.3d 68, 88 (1998).

Plaintiff directs the Court to Ohio Revised Code § 1343.01(A), which provides, in pertinent part:

> The parties to a . . . promissory note . . . may stipulate therein for the payment of interest upon the amount thereof at any rate not exceeding eight percent per annum payable annually, except as authorized in division (B) of this section.

Division (B), referenced therein, provides that a party may agree to a rate in excess of that set forth in Division (A) upon any of several conditions, one of which is that the original amount of the principal indebtedness exceeds $100,000.00.

Thus, while the 337.5 percent per annum interest rate stated in the Promissory Note could arguably be enforceable under Ohio law, Plaintiff recognizes that Ohio courts have sometimes refused to apply interest rates determined to be unconscionable. To avoid that potential here,

Plaintiff urges the Court to apply the eight percent rate set forth in § 1343.01(A), a request Defendants join. (Doc. 29-1, at 6–7; Doc. 32, at 3). Where both parties advocate application of the eight percent rate, the Court has little reservation in acquiescing.

Plaintiff does not, however, direct the Court to any authority – under either Ohio law or any term of the Promissory Note – supporting his request that the reduced rate of eight percent per annum be compounded, nor is the Court aware of any. Indeed, the Promissory Note itself provides for the monthly payment of interest on the outstanding principal balance of the note. There is no express provision for increasing the principal balance in the amount of any unpaid interest, nor is there any reference to otherwise compounding interest. Therefore, Plaintiff's request to compound the unpaid interest arrearage is denied. To the extent Plaintiff requests judgment in the full principal amount of the Promissory Note, together with accrued simple interest, his motion is granted.

## CONCLUSION

The uncontroverted evidence before the Court establishes that for consideration received, Defendants issued a Promissory Note in favor of Plaintiff. Despite the acknowledged obligation to do so, Defendants have failed to make any payment toward principal retirement or interest accrued. For all the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's Motion for Summary Judgment (Doc. 13) be, and hereby is, GRANTED IN PART AND DENIED IN PART, such that judgment will be entered this day, in favor of Plaintiff and against Defendants, in the amount of $347,551.04.[1] Post-judgment interest

---

1. This total is the sum of the $200,000.00 principal plus interest at a rate of eight percent per annum. The Court calculated pre-judgment interest totaling $147,551.04, representing nine full years of interest at $16,000 per year plus 81 days (March 26, 2013 through June 14, 2013, the date of this Order) at a per diem rate of $43.84.

shall be calculated pursuant to 28 U.S.C. § 1961.[2] *See Jack Henry & Assocs., Inc. v. BSC, Inc.*, 487 F. App'x 246, 260 (6th Cir. 2012) ("[T]he federal rule applies [in diversity cases] unless the contract includes language expressing an intent that a particular interest rate apply to judgments".); *Estate of Riddle ex rel. Riddle v. Southern Farm Bureau Life Ins. Co.*, 421 F.3d 400, 409 (6th Cir. 2005) ("In diversity cases . . . federal law controls postjudgment interest".); *Textron Financial Corp. v. Great Outdoors Trailer Co.*, 2008 WL 2246951, *2 (N.D. Ohio 2008).

    IT IS SO ORDERED.

                                                  s/James R. Knepp, II
                                         United States Magistrate Judge

---

[2]. 28 U.S.C. § 1961(a) provides that interest on a money judgment in a district court civil case "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of judgment."